(Gallia Co., O.. Common Pleas Court.)
JOHN N. WARD v. THE STATE OF OHIO.

In prosecutions for violations of the act passed April 20, 1894, (O. L. Vol. 91, 162), and the regulations prescribed by the county commissioners in pursuance thereof, making it unlawful for persons to transport over the free turnpike roads of any county burdens beyond a certain weight on vehicles having tires under a certain width, mayors of cities not having a police court, have final jurisdiction to hear and determine the prosecution.

In such cases, the penalty being a fine only, the accused is not entitled by the constitution to a trial by jury.

COULTRAP, J.

This is a proceeding in error brought to reverse the judgment of the mayor of the city of Gallipolis. The certified transcript of the record shows that on the 23rd day of January, 1897, James Hunt, one of the commissioners of Gallia county, made and filed with the mayor of said city an affidavit charging John N. Ward, the plaintiff in error, with unlawfully transporting a burden of about 5700 pounds over one of the free turnpike roads of said county on a vehicle having tires not more than four inches in width, in violation of the act of the legislature passed April 20, 1894 (O. L. Vol. 91, p. 162), and the regulations prescribed by the commissioners of Gallia county in pursuance thereof, requiring wagons in which burdens of more than 4,000 pounds were transported to have tires five inches and more in width.

Upon the affidavit being filed, a warrant was issued for the arrest of Ward; he was brought in, arraigned and plead guilty. Thereupon the mayor proceeded to try the case, the evidence was heard, and the accused was found guilty and sentenced to pay a fine of five dollars and costs and to stand committed until the fine and costs were paid, or until he was discharged according to law. The transcript of the record is entirely silent as to whether the accused waived a jury or not, and the mayor seems to have proceeded to the trial of the case upon the theory that he had final jurisdiction of the offense, and that accused was not entitled to a trial by jury.

Ward now seeks to reverse this judgment and sentence. His petition in error contains numerous assignments of error. but they are in reality only two: 1. That the offense, being committed outside of the corporate limits, was not within the jurisdiction of the mayor. 2. That the offense charged was one which entitled the accused to a jury trial, and was not one of which the mayor had final jurisdiction.

By the provisions of sections 1816 and 1817, R. S., the mayor, in cities other than those which have a police court, is given jurisdiction in cases of misdemeanors co-extensive with the county. The only question therefore to be considered is whether the offense charged in the affidavit was one of which the mayor had final jurisdiction and which he might hear and determine without the intervention of a jury.

Section 1817, R. S., provides that he (the mayor in cities not having a police court) "shall have final jurisdiction to hear and determine any prosecution for a misdemeanor, unless the accused is, by the constitution, entitled to a trial by jury."

And section 1188 provides that he shall have such jurisdiction, notwithstanding the right to a jury, if before the commencement of the trial, the accused waive a jury trial." By this latter section the jurisdiction of the mayor to hear and determine the case is made to depend upon the waiver of a jury before the commencement of the trial. The waiving of the jury is therefore a jurisdictional fact which should appear affirmatively in the record. "None of the proceedings essential to the jurisdiction and the foundation of the judgment of the court can be waived." Fouts v. State, 8 Ohio St., 103. The record being silent as to whether the accused waived a jury or not, it follows that the mayor did not have final jurisdiction to hear and determine the prosecution of the charge against the plaintiff in error, if the case was one in which the accused was by the constitution entitled to a trial by jury.

But was the accused entitled by the constitution to a trial by jury? Sec. 1817 does not deny to mayors of cities having no police court final jurisdiction in all prosecution for misdemeanors committed

within the limits of the county, but only in such as by the constitution the accused is entitled to a jury. Was the offense for which the plaintiff in error was tried on that character? The act under which this prosecution was had makes all persons violating said act or any regulations duly made and prescribed by the board of county commissioners in pursuance thereof, guilty of a misdemeanor, and it provides that on conviction they "shall be fined not less than five dollars nor more than fifty dollars, and shall be imprisoned until the fine and costs are paid," etc. Imprisonment is no part of the penalty, but is authorized only as a means of enforcing the payment of the fine and costs.

The provisions of the constitution relating to trial by jury are sections 5 and 10 of article 1. Section 5 provides, "The right of trial by jury shall be inviolate." In discussing this provision of the constitution in the case of Inwood v. State, 42 Ohio St., 187. Judge McIlvaine says, "it is settled beyond further discussion, that this clause in the constitution was not intended to enlarge or modify the right of trial by jury. Its sole purpose was to guaranty the perpetuity of the institution, as it then existed and as it has long existed at common law." The other provision of the constitution referred to is that which guarantees to every person accused of the commission of crime a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. Of the offense mentioned in this clause of the constitution, Judge McIlvaine, in the same case, at page 189. says, "It is such an offene as would, before the adoption of the constitution, have entitled the accused to a jury trial."

It is settled also that the common law rule in regard to the right of trial by jury was not changed by the constitution. 42 Ohio St., 187, and authorities therein cited.

It only remains therefore to inquire in what cases the right to a trial by jury did not exist at common law, and whether or not the offense for which the plaintiff in error was tried and convicted belonged to that class.

The authorities make a distinction between offenses strictly criminal or infamous, and which can only be punished through the medium of an indictment or presentment of a grand jury, and offenses created by statute and which are only quasi criminal. In the former cases, the accused had the right at common law to demand a trial by jury, and the same right exists under the constitution. But in the latter cases no such right existed at common law, and, as the common law rule was not changed by the constitution, it does not exist under that instrument, where the penalty is a fine only, and where imprisonment is authorized only as a means of enforcing the payment of the fine. Embraced in this class of offenses, are the numerous offenses found upon our statute book which are punished by fine only, and which are merely violations of the police regulations of the state, as for instance Sabbath breaking, selling spirituous liquors on Sunday, and the disturbance of religious meetings. 14 O. R., 14; 10 O. R., 452. Likewise for a stronger reason, because not immoral and less mischievious in their tendencies, included in this class are violations of the statute requiring persons driving a vehicle of any description upon the public highway, on meeting another vehicle, to keep to the right and leave half the road free, and violations of the statute making it a fineable offense to ride or drive faster than a walk over any free county bridge having placed upon it by the commissioners of the county a caution notice according to law. These statutes are mere police regulations made to protect the public highways and to govern the action of persons using them, and their enactment was a legitimate exercise of the police power of the state. Cooley's Constitutional Limitations, page 727.

Analogous enactments are the numerous statutory regulations with respect to railroads and the running and operation of trains upon them. These statutes are in the nature of police regulations necessary for the protection of the lives and property of the citizens of the state, and their validity is sustained on that ground. 30 Ohio St., 604-610. There is nothing in the offenses defined in any of them of a strictly criminal or even of an immoral nature. They are offenses only because made so by statute--in other words they are mala prohibita and not mala in se, offenses penal by statute but not at common law. Wharton's Crim. Law, secs. 23-24. This class of offenses may be made indictable, or they may be made punishable in a summary way without indictment. They may be punished by both fine and imprisonment. in which case the accused is entitled to a trial by jury, or they may be punished by fine only, in which case the right of trial by jury does not exist and mayors of cities, not having a police court, and of villages are given final jurisdiction.

Applying these principles to the case at bar, it seems clear that the charge upon which plaintiff in error was tried and convicted was not one which, by the constitution, entitled him to a trial by jury. It was an offense created by statute, punishable by fine only. and not known to or punishable at common law. The act of transporting a burden of any weight in a vehicle with tires of any width over free turnpike road is not wrong in itself. It is only wrong because the legislature of the state, in the exercise of its police power, has made it unlawful for persons to transport over these roads beyond a certain weigh in vehicles having tires under a certain width. It was therefore only quasi criminal, and the mayor of the city of Gallipolis, it being a city having no police court, had final jurisdiction to hear and de-

termine the prosecution without the intervention of a jury.

In many cases, the statutes which define and punish by fine violations of these police regulations, expressly confer upon magistrates or mayors of cities and villages final jurisdiction to hear and determine the prosecution and to impose the fine. But it seems to me that is wholly unnecessary, as the jurisdiction conferred by the general statutes of the state, in this case by section 1817 R. S. is ample in that regard.

Judgment of mayor affirmed at costs of plaintiff in error.